UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNGLORY MARITIME LIMITED and<br>AEOLIAN INVESTMENTS SA<br><br>VERSUS<br><br>PHI, INC. *in personam* and A CERTAIN<br>HELICOPTER NO. N764PH *in rem* | * CIVIL ACTION<br>*<br>* NO. _____<br>*<br>* SECTION "_____"<br>*<br>* MAGISTRATE (_____)<br>* |

## VERIFIED COMPLAINT

The Verified Complaint of Sunglory Maritime Limited ("Sunglory"), and Aeolian Investments SA ("Aeolian"), against PHI, Inc. *in personam*, and a certain helicopter No. N764PH *in rem*, stating an admiralty and maritime claim within this Honorable Court's admiralty jurisdiction, and in accordance with Rule 9(h) under the Federal Rules of Civil Procedure, respectfully alleges upon information and belief as follows:

### JURISDICTION AND VENUE

I.

Jurisdiction is proper in accordance with 28 U.S.C. §§ 1332 and 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Venue is also proper in this district in accordance with 28 U.S.C. § 1391 (b), and by stipulation between the parties, pursuant to a Letter of Undertaking dated March 25, 2013. Alternatively, there is subject matter jurisdiction under the General Maritime Law and the 1989 Salvage Convention.

2415598-1

II.

The Salvage Act, 46 U.S.C. § 730 *et seq.*, recodified at 46 U.S.C. § 80101 *et seq.* implements a cause of action for equitable remuneration arising from acts of assistance or salvage which have a useful result, as established by the 1910 and 1989 Salvage Conventions.

III.

Sunglory and Aeolian also show that pursuant to the General Maritime Law, as well as the 1989 Salvage Convention, to which the United States is a party signatory, plaintiffs have a right of, and a cause of, action against defendants.

IV.

The 1989 Salvage Convention entitles Sunglory and Aeolian to recover all costs and damages necessary to salvage and remove the helicopter No. N764PH from their vessel after safely carrying the helicopter to a port of refuge in Corpus Christi, Texas on/about March 24, 2013.

V.

The 1989 Salvage Convention and the General Maritime Law of the United States also entitle Sunglory and Aeolian, acting as voluntary salvors of the helicopter N764PH, to a salvage award to be set by this Honorable Court.

**PARTIES**

VI.

At all material times, Sunglory and Aeolian were and are corporations organized and existing under the laws of the Republic of Greece, with their principal office and place of business in Piraeus, Greece. Plaintiffs were and still are the owner and manager, respectively, of the M/V AEOLIAN HERITAGE, a Panamax bulk carrier engaged in international trade.

VII.

At all material times, defendant PHI, Inc. was and is a corporation and existing under the laws of the state of Louisiana, and is the owner and operator of the helicopter No. N764PH, an aircraft engaged in the business of transporting passengers and cargo to and from oil platforms in the Gulf of Mexico.

VIII.

The AEOLIAN HERITAGE, at all material times, was a Panamax bulk carrier of Greek registry. She is 229 meters (751 feet) in overall length, 32 meters (105 feet) in breadth, and 80,650 summer deadweight tons.

**THE INCIDENT**

IX.

On March 24, 2013, the AEOLIAN HERITAGE was anchored in the Gulf of Mexico, in the Corpus Christi Anchorage, waiting to enter port. A watch was set on the bridge and engine room of the vessel, and she was monitoring her radar and VHF-FM Channel 16.

X.

On the morning of March 24, 2013, suddenly and without warning, PHI helicopter No. N764PH made an emergency landing on one of the AEOLIAN HERITAGE's forward hatch covers. The helicopter did not call the vessel first requesting permission to land; however, it became apparent to the crew of AEOLIAN HERITAGE that the helicopter was in distress, since its engine noises indicated that it had mechanical problems.

XI.

The helicopter was able to make an emergency landing upon the ship's hatch cover designated "H", which is the usual marking for a ship's hatch cover that might be associated with helicopter operations.

XII.

After the helicopter landed, the ship's deck crew assisted the helicopter crew and nine passengers to disembark the aircraft. The deck crew of AEOLIAN HERITAGE also assisted the helicopter pilots in chocking and securing the aircraft and tying it down on the hatch cover. Thereafter, the master of the AEOLIAN HERITAGE notified his agents and the U.S. Coast Guard of the incident.

XIII.

Since the helicopter was mechanically disabled, it was unable to take off from the vessel. Arrangements were made for the AEOLIAN HERITAGE to proceed into port in Corpus Christi to a lay berth, in order to disembark the helicopter and its crew. The passengers were disembarked from the ship by another helicopter.

XIV.

The PHI helicopter No. N764PH was removed from the vessel at a lay berth in Corpus Christi arranged by the ship's agents, where a shore crane removed the helicopter from the ship's hatch cover and onto the dock. The helicopter crew then disembarked.

XV.

The emergency landing of PHI helicopter No. N764PH on the AEOLIAN HERITAGE occurred when the helicopter and its embarked pilots, crew and passengers were in imminent peril. At the time of the emergency, the helicopter was about to lose its engine and had it not

been for the AEOLIAN HERITAGE, it would have crashed into the Gulf of Mexico, possibly killing or injuring those onboard as well as causing the loss or constructive total loss of the helicopter.

XVI.

The emergency landing of PHI helicopter N764PH also placed the officers and crew of the AEOLIAN HERITAGE in imminent peril, since if the helicopter had crashed on top of the ship, a fire and explosion may have occurred, possibly causing loss of life or injury to the ship's crew and damage to the vessel.

XVII.

Upon information and belief, after the PHI helicopter was disembarked, it was repaired and went back into service. The defendant helicopter will be within this district and within the jurisdiction of this Honorable Court during the pendency of process in this action, through the means of the *in rem* letter of undertaking issued by PHI, Inc. in favor of the owners of the AEOLIAN HERITAGE.

XVIII.

As a result of the emergency landing of PHI helicopter No. N764PH, plaintiffs have incurred various costs and incidental expenses, including but not limited to loss of hire, agency fees, cost of class and hatch cover inspection services, surveyors and legal expenses, and other things. Also, by reason of the services rendered by plaintiffs to defendants, plaintiffs are entitled to a salvage award from the defendant PHI helicopter No. N764PH.

XIX.

Plaintiffs, whose vessel was placed in the position of imminent peril, rendered a salvage service of high order to defendants but for which and without such services, defendants' helicopter and those onboard would have been lost.

XX.

Plaintiffs, by reason of the premises and services performed, are entitled to a liberal salvage award. Defendants have made no payment whatsoever to plaintiffs although payment has been demanded.

XXI.

All and singular of the premises are true and correct and within the jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Sunglory Maritime Limited and Aeolian Investments SA pray that after due proceedings had, there be judgment against PHI, Inc., *in personam*, and A Certain Helicopter Number N764PH, *in rem*; that the Helicopter Number N764PH be condemned and sold to satisfy said judgment, and further, that plaintiffs be awarded attorney's fees, costs, interest, and all other legal and equitable relief.

NEW ORLEANS, LOUISIANA, this 23RD day of MARCH, 2015.

Respectfully submitted,

_____
Robert B. Fisher, Jr. #5587
Derek A. Walker #13175
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Email: fisher@chaffe.com
Email: walker@chaffe.com

                              **Attorneys for Sunglory Maritime Limited and Aeolian Investments SA**

**PLEASE SERVE:**
**PHI, Inc.**
**Through its Registered Agent for Service of Process**
**Trudy McConnaughhay**
**2001 SE Evangeline Thruway**
**Lafayette LA 70508**

**PLEASE WITHHOLD *IN REM* SERVICE.**